UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL BEASLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:24-cv-03251 (UNA) |
| ) | |
| SAFEWAY, ) | |
| ) | |
| Defendant. ) | |

### Memorandum Opinion

Plaintiff, proceeding *pro se*, has filed a complaint, ECF No. 1, and an application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. The Court grants Plaintiff's IFP application. For the reasons below, the Court dismisses the complaint pursuant to Federal Rule 8(a) and for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

Plaintiff is a resident of the District of Columbia and sues a Safeway supermarket in the District. *See* ECF No. 1 at 1–4. The complaint states only that Defendant "had [him] working as a cashier and [he] didn't know it[,]" and demands $250,000 in damages. *See id*. at 3–4. No other information is provided.

*Pro se* litigants must comply with the Federal and Local Rules of Civil Procedure. *See Jarrell v. Tisch*, 656 F. Supp. 237, 239–40 (D.D.C. 1987). Federal Rule 8(a) requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that respondents receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense. *Brown v.*

*Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). Here, Plaintiff's allegations fall short of providing notice of any claim or establishing this Court's subject matter jurisdiction.

In addition, federal courts have limited subject matter jurisdiction. Generally, federal jurisdiction exists only when a "federal question" is presented or the parties are of diverse citizenship with more than $75,000 in controversy. *See* 28 U.S.C. §§ 1331, 1332. A party seeking relief in federal court must plead facts that bring the suit within the court's jurisdiction and failure to do so mandates dismissal of the action. *See* Fed. R. Civ. P. 8(a), 12(h)(3).

Here, Plaintiff has failed to plead federal jurisdiction. Plaintiff does not invoke any federal cause of action and the Court cannot discern one from the facts presented in the complaint. *See Johnson v. Robinson*, 576 F.3d 522, 522 (D.C. Cir. 2009) (per curiam) (explaining that "federal court jurisdiction must affirmatively appear clearly and distinctly") (cleaned up). Moreover, all parties are located in the District of Columbia, thus defeating complete diversity. *See Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007) ("For jurisdiction to exist under 28 U.S.C. § 1332, there must be complete diversity between the parties, which is to say that the plaintiff may not be a citizen of the same state as any defendant." (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373–74 (1978))).

For these reasons, the Court dismisses the complaint without prejudice. An order consistent with this memorandum opinion is issued separately.

Date:   January 29, 2025                /s/_____
                                        AMIR H. ALI
                                        *United States District Judge*